By the Court. Woodruff, J.
The plaintiffs herein, having recovered judgment in their favor, insist that they are entitled, as a part of their costs, to an allowance under §§ 308 and 309 of *619 the Code of Procedure, on the ground that the determination of the matter in controversy, involved an “adjudication upon a written instrument.” From an order affirming the decision of the clerk, who refused to insert such allowance in the adjustment of the costs, the plaintiffs appealed, and that appeal now comes before the General Term.
The action was brought by the plaintiff to restrain the defendant from violating a written agreement, by which he had covenanted to sell to them, certain articles manufactured by himself after some secret process, of which he has knowledge, and binding bim not to sell to others; and by which the plaintiffs, on their part, had covenanted to sell the article and allow him a price stipulated therefor. The complaint averred that the defendant was about to sell to others, and that he had on hand a quantity named, which he threatened to sell, and it sought an injunction as a means of compelling the performance of his agreement. The plaintiffs have obtained a decree, in substantial conformity to the prayer of their complaint.
The chief contest between the parties, was concerning the validity, construction, and legal effect of the written agreement. It, however, by no means follows, as we think, that the plaintiffs are entitled to an allowance.
The language of § 308 of the Code, so far as it bears upon the present question, is that “ There shall be allowed to the plaintiff, upon the recovery of judgment by him’in an action for an adjudication upon a will or other instrument in writing, the sum of ten per cent.," etc.
And § 309 provides that the rate shall be “ estimated” upon the value of the property affected by the adjudication upon the will or other instrument.
Before the last amendment, the 308th section, in specifying actions in which an allowance should be made, gave it, in “ an action for the construction of a will or other instrument in writing; ” and by § 309 the rate of allowance was to be “ estimated upon the value of the property affected by the construction of the will."
What considerations have led the Legislature to change the phraseology of these sections, in this particular, we have not learned.
*620 Under our former system it was not unusual for the Court of Chancery to entertain a bill by a plaintiff standing in the position of trustee, to settle the construction of a will, or other instrument, creating a trust. The Court exercised a jurisdiction of-this sort, not in favor of any and every person who might desire advice respecting his own rights or obligations under a will or any other instrument, but only as an incident to the peculiar and exclusive jurisdiction which that'Court had over trusts, in the execution of which, a trustee, in cases of doubt and difficulty, was permitted to apply for aid. '• ■ ■
A jurisdiction of a similar description was necessarily exercised', when a bill was filed by a cestui que trust against the trustee, in like cases of doubt. But the primary object of the bill; in such case, was not to settle the construction of the instrument. It set up the claim of the plaintiff according to- the construction for which he- contended, and asked for relief in accordance with the claim.. The construction of the instrument was only incidentally, though necessarily involved. It would, therefore, seem that it is only, bills of the description, first 'above referred to, that could, in strictness, be called bills for the construction of wills or other instruments.
It is an action of this description that was provided-for by the Code before the amendment in question, and we believe that no one, prior to such amendment, has ever intimated, because every actipn founded upon a -written instrument, necessarily called upon the Court to read it, and determine the- rights of the parties, according to its legal effect—in doing which the Court must consider, and for the purposes of the action, settle its construction—that therefore, an allowance must, in every such action, be made to the prevailing party.
Although the reason for a change of the phraseology of the section is not apparent, the substantial purpose and object, we think, remain the same.
There are cases in which a trustee seeks .the advice of the Court, because the doubt, which embarrasses the execution of the trust, is a question of the validity of the instrument, while its meaning, if valid, is not obscure. Perhaps, - cases of that'sort were thought, by the Legislature, to- be.more fittingly described by the comprehensive term, “ actions for an adjudication upon a *621 will,” &c. This would embrace questions of the validity, as well as questions of the construction of an instrument.
We will not undertake to say that, there can be no case in which an allowance can be made in virtue of these words, except when the action is brought by a trustee, though we do not recollect any case in which a bill, for the construction of an instrument, would be entertained, unless such construction was sought in aid of the performance of some duty, which it was tie peculiar province of the Court of Equity to control, regulate, and enforce. If there be cases in which a plaintiff, not being a trustee, may come into Court “for an adjudication upon a will or other instrument in writing,” and in which jurisdiction for that purpose will be entertained, doubtless an allowance will be proper. Under the more comprehensive terms “adjudication upon a will or written instrument,” it may be that cases are embraced in which the object of the action is to obtain a judicial declaration that the will or instrument is void on its face. Such a judicial declaration is sometimes sought in equity, where the instrument is an impediment to the legal remedy of the plaintiff, e. g., a fraudulent deed or assignment impeding a levy and sale upon execution—or a deed invalid in fact, but being on record, operating as a cloud upon a title, and cases of a like character, where the relief sought is itself the judicial declaration that the instrument is invalid, and not where the relief sought is the recovery of money or other redress, and the question of construction or validity is only incidental, etc.
But the legislature in using the terms “ an action for an adjudication upon,” did not mean an action for damages for the breach of—nor an action brought merely to enforce—nor an action to restrain the breach of—nor an action to compel the specific performance of—nor actions generally, founded upon written instruments.—They have used the terms in a more restricted sense.
In truth, actions on bonds, bills of exchange, promissory notes, covenants, and written agreements, whether brought for damages, or in the last two examples for the specific performance, or for an injunction, involve an adjudication founded on the terms and legal effect of the written instrument, and if the doctrine contended for be sound, the prevailing party *622 must have an allowance in all such actions. If this were so, the intention of the Legislature might have been, and we think would have been, much more clearly expressed. These actions are brought for a debt, or for damages, or for a specific performance, or for an injunction, and the like redress or relief, that being the object sought, and which the judgment is to award:— And the prayer of the complaint,' is the money—the performance—the injunction—or other like relief or redress. It is this; the relief sought which determines what the action is for, and not the evidence by which the plaintiff’s title to such relief is to be proved.
We think that the clerk was right in refusing to insert an allowance in the costs upon the adjustment, and his adjustment must be affirmed.
Order affirmed.