## N. Y. SUPERIOR COURT.

### HENRY D. PALMER agt. ROBERT M. DE WITT.

The *court of appeals,* since its organization, (under the sixth article of the Constitution passed in 1870,) in July, 1870, which commenced with a calendar prepared under the provisions of such Constitution, has continued such calendar, with such additional causes as have from time to time been put upon it, except that upon the first of January, in each year, a new calendar is made.

The court since that time, theoretically and practically, holds but *one term,* during the year; its different sessions being merely continuations of the same term, after recesses.

Therefore, but *one term fee* for each calendar year, can be allowed in any cause.

Where damages were not claimed against the defendant in the action, but the only relief asked and obtained was an injunction permanently restraining the publication by the defendant of the plaintiff's drama:

*Held,* not a case for an *extra allowance* of costs.

*March Special Term,* 1872.

THIS action was brought to obtain an injunction to restrain the publication by the defendant, of a dramatic composition called "Play," of which the plaintiff was the owner.

The defendant had judgment at special term which the general term reversed and granted a new trial. The defendant appealed from the order granting a new trial, to the court of appeals, giving the required stipulation. This appeal was first placed upon the calendar for the January term, 1871, and was heard in the month of February, 1872. In March the order was affirmed, and judgment absolute granted, which was subsequently made the judgment of this court.

The only relief demanded or obtained by the judgment was an injunction restraining the publication. No damages were sought or obtained.

The plaintiff claims ten term fees in the court of appeals, and an extra allowance of costs.

W. D. BOOTH, *for plaintiff.*
IRA D. WARREN, *for defendant.*

*By the court,* MONELL, J.—Upon the adoption of the sixth article of the Constitution creating a new court of appeals, the legislature provided (*Chap.* 203, *of Sess. Laws,* 1870, § 5,) that the court might prescribe the times and places of holding its terms, except, that it should hold a term at the capital, on the first Tuesday in July thereafter, which was to be the inaugural term of the court. I am informed by a member of the court, that no formal assignment of terms has been made.

The July term commenced with a calendar prepared under the provisions of the statute referred to which has continued, with such additional causes as have from time to time been put upon it, except that on the first of January in each year a new calendar is made.

I am told, that in theory and practically, the court holds but one term during the year, its different sessions being merely continuations of the same term after recesses.

Such being the case, there can be but one term fee for each calendar year, and consequently one term fee only can be allowed in this case.

The motion for an extra allowance must be denied.

The case is not embraced within either the 308th or 309th sections of the Code, except, perhaps, that it may be regarded as one of a difficult and extraordinary character. But even if so regarded, there is nothing in the relief sought or obtained, upon which an allowance can be estimated, it being limited to five per cent. upon the amount of the recovery, which must necessarily be a recovery of money or of property where value can be ascertained.

Damages were not claimed against the defendant. Indeed

one of the grounds stated, for the equitable interference of the court, was, that the damages were unascertainable and impossible of computation; and the only relief obtained was an injunction permanently restraining the publication by the defendant of the plaintiff's drama.

This court has deciding at general term, that such a case, an extra allowance cannot be made (*Gray* agt. *Robjohn*, 1 *Bosw.*, 618.)