### POWELL *v*. NEW YORK CENT. & H. R. R. CO.

(*Supreme Court, Special Term, Oneida County.* May, 1888.)

COSTS—COURT OF APPEALS—TERM FEES.

The court of appeals of New York holds but one term a year, beginning with the January session. A cause was placed on the calendar in May, 1886, and remained there until it was argued, in December, 1887. *Held*, under Code Civil Proc. N. Y. § 3251, subd. 5, providing that $10 shall be allowed for each term at which a cause is on the calendar, excluding the term at which it was finally disposed of, that but one term fee was taxable.

Action by Thomas Powell against the New York Central & Hudson River Railroad Company, for personal injuries received at a crossing. The court of appeals affirmed the judgment of the general term affirming a judgment of nonsuit entered by the circuit court. Plaintiff now moves for a new taxation

·of the costs of an appeal to the court of appeals. For opinion of court of appeals, see 15 N. E. Rep. 891. Code Civil Proc. N. Y. § 3251, subd. 5, referred to in the opinion, provides that costs awarded to a party to an action must be at the following rates: "To either party, upon an appeal to the court of appeals, before argument, thirty dollars; for argument, sixty dollars; for each term, not exceeding ten, at which the cause is on the calendar, excluding the term at which it is argued or otherwise finally disposed of, ten dollars."

· *W. T. Dunmore,* for plaintiff. *J. Thomas Spriggs,* for defendant.

MERWIN, J. The controversy on this motion is over term fees in the court ·of appeals. This case was placed on the calendar of the court of appeals that was made up in May, 1886, and it there remained until it was argued, in December, 1887. It was, therefore, on but one calendar. The cases on this subject are not harmonious. *Palmer* v. *Dewitt,* 42 How. Pr. 466; *Macy* v. *Nelson,* 49 How. Pr. 204; *Whiteman* v. *Leslie,* 1 Month. Law Bul. 58. There ·seems to have been no formal assignment of terms in that court. I am informed by its clerk that it holds one term a year, commencing with the January session, and continuing through the year. If so, the time of making the ·calendar does not control. I think the term fees must be regulated on the basis that there is one term, and only one, each year. That will allow, in the present case, one term fee. Code Civil Proc. § 3251, subd. 5.